IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 4, 2003

## RICHARD REHAGEN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-25212      John P. Colten, Jr., Judge**

_____

**No. W2003-00894-CCA-R3-PC  - Filed November 19, 2003**

_____

The Defendant, Richard Rehagen, pled guilty to one count of first degree murder, one count of attempted first degree murder, and one count of aggravated arson. He was sentenced to life imprisonment without the possibility of parole for the murder, and to twenty-five years for each of the other two offenses, to run concurrently. The Defendant subsequently challenged his pleas by filing a petition for post-conviction relief. The trial court denied the Defendant's petition after an evidentiary hearing, and the Defendant now appeals. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Charles W. Gilchrist, Jr., Memphis, Tennessee, for the appellant, Richard Rehagen.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William L. Gibbons, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant, Richard Rehagen, asserts that his guilty pleas are not constitutionally valid and were induced through the ineffective assistance of counsel. The charges against the Defendant arose from his setting fire to his two young children; one of the children died as a result. The State filed a notice of its intent to seek the death penalty on the murder charge.

At the evidentiary hearing on his petition for post-conviction relief, the Defendant testified that, in pleading guilty, he thought he was "signing for probation." He stated that, at the time he entered his plea, he did not understand that he was going to be serving a sentence of life imprisonment without the possibility of parole, and had he known that was the sentence he was

receiving, he would have pled not guilty and gone to trial. With respect to the questions put to him by the trial judge during his plea, he testified that he was "just saying, yes, sir" and "just going along with it."[1] He explained that, at the time, he was taking medication and "it was early in the morning." He testified that he did not know about the imprisonment until after the plea, when his attorney told him about it, and then his attorney told him it was too late to do anything about it. He also testified that his attorney repeatedly told him that, if he went to trial, he would get the death penalty.

On cross-examination, the Defendant claimed that he had been "hearing voices" during his plea. He stated that he did not remember the judge asking him about the medication he was on at the time, or telling the judge that the medication helped to clear his mind. He maintained that his lawyer told him that his choices were the death penalty if he went to trial, or probation if he pled.

Diane Thackery, the Defendant's attorney during his plea process, also testified. She testified that the State had filed a notice of intent to seek the death penalty on the Defendant's first degree murder charge, and that the State was claiming the existence of three aggravating factors. She stated that she explained to the Defendant that the three possible sentences for a first degree murder conviction were death, life without the possibility of parole, and life with the possibility of parole. She explained to him that the latter of these sentences still meant a minimum of fifty-one years in prison. She denied having told the Defendant that he was eligible for probation on the murder charge. She told the Defendant that, if he went to trial, he faced "a real possibility, perhaps even a probability that he would be sentenced to death." She stated that she met with the Defendant several times to discuss his case. She was aware of his past mental health problems and had him evaluated. As a result of the evaluation, the Defendant was deemed competent to stand trial, and no insanity defense was available. A copy of the evaluation report was introduced at the hearing. Ms. Thackery testified that she advised the Defendant to plead guilty because he had already made statements in which he admitted to the charges. She also testified that the Defendant never said anything to her that indicated that he did not know that he was pleading to a sentence of life imprisonment without the possibility of parole.

After the hearing, and after reviewing the exhibits thereto, the trial court issued a thorough order denying relief, finding that the Defendant had failed to prove his allegations by clear and convincing evidence.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-

---

[1] A transcript of the Defendant's guilty plea was introduced at the hearing and is included in the record before us.

conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

Both the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the defendant's lawyer, and actual prejudice to the defense caused by the deficient performance. See id. at 687; Burns, 6 S.W.3d at 461. The defendant bears the burden of establishing both of these components by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f); Burns, 6 S.W.3d at 461. The defendant's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. See Burns, 6 S.W.3d at 461; Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996).

This two-part standard of measuring ineffective assistance of counsel also applies to claims arising out of a guilty plea. See Hill v. Lockhart, 474 U.S. 52, 57 (1985). The prejudice component is modified such that the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998).

We are satisfied from the record before this Court that the Defendant received the effective assistance of counsel in conjunction with his guilty plea, and that he entered his plea voluntarily and knowingly. The evidence clearly does not preponderate against the factual findings of the trial court, and we find no error in the trial court's conclusions of law. We therefore find no error in the trial court's determination that the Defendant is not entitled to post-conviction relief. Accordingly, we affirm the judgment of the trial court.

_____
DAVID H. WELLES, JUDGE